| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, STATE OF COLORADO<br><br>1437 Bannock Street<br>Denver, CO 80202<br>(303) 606-2300<br>_____<br><br>Plaintiff:    **RICHARD SALLEE**<br><br>v.<br><br>Defendant:  **POWER HOME REMODELING GROUP, LLC**<br>_____<br><br>**Attorney for Plaintiff:**<br><br>**THE LAW FIRM OF ALAN G. MOLK, P.C.**<br><br>Alan G. Molk, #10988<br>6025 So. Quebec St. Suite 320<br>Centennial, CO 80111<br>Phone:  303-290-8808<br>Fax:      720-554-7724<br>amolk@molklaw.com<br><br>**VARNER FADDIS ELITE LEGAL, LLC**<br>Kaylea A. Waechter, Atty Reg. #49961<br>Lauren E. Varner, Atty Reg. #46519<br>6025 South Quebec Street, Suite 320<br>Centennial, CO 80111<br>Telephone: (720) 770-8335<br>Fax Number: (720) 554-7724<br>E-mail: lvarner@varnerfaddis.com<br>        kwaechter@varnerfaddis.com | DATE FILED: September 9, 2020 12:29 PM<br>FILING ID: C3F13498930E6<br>CASE NUMBER: 2020CV33104<br><br><br>**▲ COURT USE ONLY ▲**<br><br>_____<br>Case Number:<br><br>Div.:        Ctrm.: |

## COMPLAINT

Plaintiff, Richard Sallee, by and through his counsel of record Alan G. Molk, of the Law Firm of Alan G. Molk, P.C. and Kaylea Waechter of Varner Faddis Elite Legal, LLC, for his Complaint against the Defendant Power Home Remodeling Group, LLC ("PHR"), states as follows:

**Exhibit B**

## JURISDICTION AND VENUE

1.      Plaintiff, Richard Sallee, ("Mr. Sallee") is a natural person of the age of majority, with a birthdate of October 27, 1948. Plaintiff currently resides at 4131 North Tufts Avenue, Denver, CO 80236. Plaintiff Sallee is, and was at all times material to the allegations in this Complaint, a resident of the State of Colorado

2.      Upon information and belief, Defendant PHR is a Pennsylvania corporation operating in the state of Colorado with a principal place of business located at 2501 Seaport Drive, Chester, PA, 19013.

3.      Upon information and belief, Corporation Service Company is the registered agent for the Defendant and is located at 1900 West Littleton Boulevard, Littleton, CO 80120.

4.      Plaintiff Sallee suffered personal injuries, to wit: the loss of the end of his ring finger on his right hand on May 6, 2020 as a result of his finger getting caught in a "step ladder" placed on a set of stairs by an employee of PHR.

5.      All the acts described in this Complaint occurred within Plaintiff's home located at 4131 North Tufts Avenue, Denver, CO 80236, making venue proper in the Denver District Court.

## FACTUAL ALLEGATIONS

6.      A few days prior to the subject incident, an employee of Defendant PHR was going door to door in Plaintiff's neighborhood, "pitching" vinyl siding for his employer, PHR.

7.      At some point in the days leading up to May 6, 2019, the PHR employee came to Plaintiff's home and did the same pitch for vinyl siding.

8.      Plaintiff, explained to the employee, that he didn't need any siding, so the employee for PHR said PHR also did attic insulation and that given the age of the house, it would be worth it for one of their "technicians" to check the insulation in the attic. On that basis, an appointment was scheduled for the technician to come out and inspect the attic.

9.      On the day of the incident, May 6, 2019, at approximately 11:00am Plaintiff, Richard Sallee ("Plaintiff Sallee") met with a technician of PHR, Mr. Michael Pultz.

10.      Mr. Pultz arrived at the Sallee home about forty-five minutes late for the scheduled appointment and per Mr. Sallee, Mr. Pultz looked haggard and was sweating upon his arrival.

11.      Upon arrival, Mr. Sallee explained that the access to the home's attic was halfway up the stairs going from the first floor to the second floor.

12.     Based on this assertion, Mr. Pultz informed Mr. Sallee, that he didn't have the correct type of ladder to gain access to the attic.

13.     Mr. Sallee retrieved a small step ladder for Mr. Pultz to gain access to the attic. See attached Exhibit 1.

14.     Mr. Pultz proceeded to set the ladder on the stairway and enter the attic area.

15.     Approximately twenty to thirty minutes later, Mr. Sallee heard Mr. Pultz request help in getting down from the attic access area to the ladder.

16.     Upon Mr. Sallee's arrival at the entry to the attic, Mr. Pultz was already halfway out and attempting to step down onto the step ladder.

17.     Mr. Sallee grabbed ahold of the ladder, not realizing that Mr. Pultz was attempting to step on the ladder at the same moment. The pressure resulted in the ladder buckling.

18.     The next thing that happened was that Mr. Sallee's right ring finger was caught in the ladder, which required the removal of the end of his finger. See attached Exhibit 2.

## II.     FIRST CLAIM FOR RELIEF
### (Negligent Training and Supervision Against Defendant Power Home Remodeling Group, LLC.)

19.     Plaintiff incorporates paragraphs 1 through 18 above, as if fully set forth herein.

20.     At the time of the subject incident, Defendant PHR was engaged in the business of home re-modeling, including the removal and placement of attic insulation.

21.     As such, PHR owed a duty and responsibility to train their employees with respect to appropriate safety precautions when entering and exiting attics in order to determine the need of attic insulation.

22.     That duty necessarily included making sure their employees had the appropriate equipment to gain access and egress from an attic, including, but not limited, to ladders.

23.     Furthermore, PHR owed a duty to not to put a homeowner (Mr. Sallee) in a position of having to assist their employees with this form of work.

24.      Defendant breached its duty of care by failing to make sure their employees had access to, and used, ladders and other equipment to gain access and egress from attics of their prospective customers.

25.     Additionally the Defendant breached its duty of care to the Plaintiff Sallee by having its employee request assistance from the homeowner (Mr. Sallee) in order to accomplish the inspection.

26.     As a direct result of the Defendant's negligence as set forth above, Plaintiff, Richard Sallee suffered damages and injuries set forth with more particularity below.

### III.     SECOND CLAIM FOR RELIEF
**(Negligence and Respondeat Superior as to Defendant Power Home Remodeling Group, LLC)**

27.     Plaintiff incorporates paragraphs 1 through 26 as if fully set forth herein.

28.     Upon information and belief, Michael Pultz was an employee of Defendant PHR at all times relevant to the allegations in the Complaint.

29.     Upon information and belief, Michael Pultz was acting within the course and scope of his employment with Defendant PHR at all times relevant to the allegations in the Complaint.

30.      Michael Pultz, as an employee of PHR, owed a duty to Plaintiff, Richard Sallee to exercise reasonable care with respect to dangers of which he was aware or should have been aware; to wit: that he had placed the ladder in such a fashion, that it posed a danger to anyone in the Plaintiff's home, who would place their hands on the ladder in order to assist Mr. Pultz.

31.     Furthermore, Michael Pultz owed a duty to Plaintiff Sallee not to have Mr. Sallee assist him in the performance of his job and/or inspection.

32.     Employee, Michael Pultz, breached his duty of care to Plaintiff, Sallee by failing to have the necessary equipment for him to gain access to the attic in Plaintiff Sallee's home and by requesting assistance from Plaintiff Sallee in order for him to get down from the attic.

33.     As a direct result of the acts and omissions/negligence as set forth above, Plaintiff Sallee, suffered damages and injuries, which are permanent in nature. Plaintiff's injuries have been painful and disabling.

34.     Plaintiff's injuries include but are not limited to the loss of the end of his right ring finger.

4

35.     Additionally, as a direct result of losing the end of his finger, Plaintiff Sallee has and will continue to suffer a loss of enjoyment of life, inconvenience, emotional distress, all in an amount to be determined by the trier of fact.

36.     In an effort to treat his injuries, Plaintiff has incurred medical, hospital and rehabilitation expenses; and will in the future may incur additional medical expenses.

WHEREFORE, Plaintiff Sallee prays that judgment be entered in his favor and against the Defendant in an amount to be determined at trial and for costs, expert witness fees, deposition expenses, attorney fees, pre-judgment and post-judgment interest as provided by law; and for such other and further relief as this Court deems just and proper.

Dated this 9th day of September, 2020.

Respectfully submitted by,
THE LAW FIRM OF ALAN G. MOLK

By:     */s/ Alan G. Molk*
        Alan G. Molk

Address of Plaintiff:
4131 N. Tufts Ave.
Denver, CO. 80236





